IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


AL JABBAR SALAM                                                                           PLAINTIFF


      v.                          Civil No.  1:12-cv-01040


JAIL ADMINISTRATOR JANET
DELANEY; SGT. COLLIER; SGT.
MEEKS; SGT. RICHARDSON; JAILER J.
HAYES; JAILER PITTS; JAILER SMITH;
JAILER EDWARD; JAILER C. HAYES;
JAILER TURNER; MRS. RASEBERRY;
and JAILER MURPHY                                                                        DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    Plaintiff Al Jabbar Salam filed this case *pro se* and *in forma pauperis* on April 26, 2012, under 42 U.S.C. § 1983.  ECF No. 1.  Pursuant to the provisions of 28 U. S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  For the following reasons, it is the recommendation of the undersigned that the above style case be dismissed with prejudice.

**I.    BACKGROUND**

    Plaintiff named multiple Defendants and multiple violations of his constitutional rights in the Complaint but he did not allege how each Defendant violated his federal constitutional rights.  For this reason, Plaintiff was directed to submit an amended complaint by May 18, 2012.  ECF No. 3.  The Clerk was directed to mail the Plaintiff a court-approved Section 1983 form to use for

1

filing the amended complaint.  In the amended complaint, Plaintiff was informed he must write short, plain statements telling the Court:  (1) the constitutional right Plaintiff believes was violated; (2) the name of each Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8.  Plaintiff was instructed to repeat this process for each person he named as a Defendant.  ECF No. 3.  Plaintiff did not file his amended complaint by May 18, 2012 as directed by the Court.

On May 22, 2012, Plaintiff filed a Motion for Extension of Time to File Amended Complaint.  ECF No. 5.  On the same day the Court granted Plaintiff an extension and reset the deadline to file his amended complaint to June 25, 2012.  ECF No. 6.  The Court advised Plaintiff that failure to comply with this Order and submit his amended complaint by June 25, 2012 could result in the dismissal of his case.  *Id.*  To date, Plaintiff has not submitted an amended complaint or sought a second extension of time to do so.  The Court's Order was not returned as undeliverable.

## II.     APPLICABLE LAW

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986)

(quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only the he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

As demonstrated above, Plaintiff has failed to comply with the Orders of the Court, despite warnings that failure to respond to the Court's Orders could result in dismissal of this case. Plaintiff failed to file his amended complaint by the first Court imposed deadline of May 18, 2012. ECF No. 3. Plaintiff was then granted an extension even though he filed his Motion for Extension out of time. ECF No. 6. Plaintiff has now failed to file his amended complaint by the second Court imposed deadline of June 25, 2012. ECF No. 6. No mail has been returned to the Court as undeliverable. Plaintiff has been provided with adequate notice that this case would be dismissed for failure to comply with the Court's Order, and he was also provided ample opportunity to respond with his amended complaint.

Accordingly, this case should be dismissed with prejudice for failure to follow the Court's Order pursuant to Rule 41(b).

### IV. CONCLUSION

For the foregoing reasons, I recommend the above styled case be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Court's Order. *See* Fed. R. Civ. P. 41(b).

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of June 2012.

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE