IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


AL JABBAR SALAM                                                                    PLAINTIFF

v.                                      Case No. 1:12-cv-01040

JANET DELANEY; SGT. COLLIER;
SGT. MEEKS; SGT. RICHARDSON;
JALIER PITTS; JAILER EDWARD;
JAILER TURNER; JAILER MURPHY;
TINA RICHARDSON; W. ROBINSON;
DOUG WOODS; and SHERIFF MIKE LOE                                DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed September 8, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 76). Judge Bryant recommends that Plaintiff's Motion for Summary Judgment (ECF No. 37) be denied and Defendants' Motion for Summary Judgment (ECF No. 48) be granted in part and denied in part. Defendants have responded with timely objections. (ECF No. 79). The Plaintiff has not filed objections to the Report and Recommendation, and the time to object has passed. *See* 28 U.S.C. § 636(b)(1). The Court finds this matter ripe for its consideration.


I.  Plaintiff's Motion for Summary Judgment

Judge Bryant found that the Plaintiff's claim that his First Amendment rights were violated when he did not receive certain letters from his wife failed as a matter of law. The Plaintiff filed no objections. Upon review, the Court should adopt the Report and Recommendation with respect to the denial of Plaintiff's Motion for Summary Judgment.

1

II.  Defendants' Motion for Summary Judgment

A.  Due Process and Retaliation Raised in Reply

Defendants first argue that Judge Bryant did not consider arguments made in its Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment.  Specifically, in Reply, Defendants, for the first time, argue they should be granted summary judgment on (1) Plaintiff's claims that he was denied personal property and due process regarding his administrative move on June 6, 2012, and (2) Plaintiff's retaliation claim.  Defendants raise neither of these arguments in their opening Summary Judgment Motion or accompanying brief to the Court.

Judge Bryant did not address the due process claims relating to property or retaliation claims in the Report and Recommendation but rather made clear that neither claim was before the Court because Defendants did not move for summary judgment on these claims.  As a general rule, courts do not address arguments received for the first time in a reply brief.  *Akeyo v. O'Hanlon*, 75 F.3d 370, 374 n.2 (8th Cir. 1996); *Cunningham v. City of Benton*, No. 4:05CV 1130 JLH, 2007 WL 707343, at *4 (E.D.Ark. March 5, 2007); *see also Adams v. City of Manchester*, No. 4:11CV1309 TCM, 2012 WL 3242078, at *4 (E.D.Mo. Aug. 7, 2012) ("'It is well settled that [the Court] do[es] not consider[ ] arguments raised for the first time in a reply brief.'" (quoting *K.C.1987 Ltd. P'ship v. Reede Mfg.*, 472 F.3d 1009, 1018 n.2 (8th Cir. 2007))).  Because the Defendant did not make these arguments in its opening brief to the Court, the Defendants did not move for summary judgment on these claims and their objections to Judge Bryant's recommendation that these claims proceed should be overruled.

B.  Racial Discrimination Claim

The Defendants argue that Plaintiff was not segregated due to his race and that his claims are merely unsupported speculation and hearsay.  They also argue that his arguments relating to

2

discrimination arising from the incidents that occurred June 6, 2012 should be decided as a matter of law based on the ruling in *Heck v. Humphrey*, 114 U.S. 129 (1994).

Judge Bryant did not address the Plaintiff's claims that he was discriminated against because the Defendants did not move for summary judgment on that claim. Defendant admits in their objections to Judge Bryant's Report and Recommendation that this argument was "loosely addressed in Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment." As discussed *supra*, reply briefs may not be used to raise arguments omitted from the party's original motion for summary judgment.

The Defendants' arguments regarding *Heck* were made in their opening summary judgment brief to the court. Specifically, their argument is that if the Court were to find that Plaintiff's constitutional rights were violated, the Plaintiff's sentence arising from that incident would be potentially invalid and that cannot support a § 1983 claim. Judge Bryant construed Plaintiff's challenge to be one to the process of a disciplinary hearing rather than to his conviction on criminal charges related to the altercation. Upon review, the Court agrees with Judge Bryant and, thus, the Defendants' objection on this point should be overruled.

### C. Mental Health Claim

Defendants object to the Report and Recommendation arguing that Judge Brant conflated the mental health arguments as alleged in their Motion for Summary Judgment. Specifically, they argue that, in drafting their Motion, the Defendants did not delineate Plaintiff's mental health complaint from the medical care or medication complaint because all healthcare claims relate to a finding of deliberate indifference. Judge Bryant recommends dismissal of Plaintiffs claims related to medication and medical care for a hernia. He noted that the Plaintiff's claim related to denial of mental health care

remained for further resolution.

The Court finds that the objection should be overruled because, again, the Defendant did not properly make the argument in their opening brief to the Court.  Defendants in their objections note that they did not raise this claim specifically:  "Although Defendants did not specifically address Plaintiff's mental health claim as a separate issue, the previously provided proof shows that Plaintiff received mental health care and medication during his incarceration."  Defendants did argue in their opening brief that the Plaintiff "cannot provide proof of any deliberate indifference . . . to any alleged delay of receiving over-the-counter medication and [sic] quickly as he requested it."  They labeled the section in their brief "No Constitutional Violation- Alleged Denial of Requested Pain Medication." These arguments were in relationship to Plaintiff's claim that he did not get medication.  Therefore, though they now try to argue that they did not delineate Plaintiff's mental health claim from his other medical claims, namely the denial of over the counter pain medication, the language of their brief in fact shows that they did.  The Defendants may not now, in retrospect, construe their arguments to attempt to encompass arguments that were not initially made.

Next, Defendants argue that they are entitled to summary judgment because Plaintiff has not presented any evidence that any Defendant is a medical professional.  They argue that, because a claim for medical indifference must be brought against an individual responsible for Plaintiff's care, *see Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994), the claim fails without that proof.  This is a claim that is made for the first time in the Defendants' Objections to the Report and Recommendation.  The Court will not consider that argument now.  *Hylla v. Transportation Commc'ns Int'l Union*, 536 F.3d 911, 921-22 (8th Cir. 2008) (holding that claims and arguments raised in objections but not presented to the Magistrate should not be considered by the district court when reviewing the Report and Recommendation).

4

D.  Personal Letter to Wife

Defendants argue that the isolated incident of Plaintiff's personal mail being confiscated does not amount to a violation of the First Amendment. *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997).  They point to proof that Plaintiff was allowed to send other letters during the time.  Though *Gardner* indicates that an isolated incident of opening an inmate's mail does not give rise to a constitutional violation, there must be no "evidence of improper motive." *Gardner*, 109 F.3d at 431.

As Judge Bryant reasoned, the Defendants' objection fails to address the Plaintiff's argument that the letter was censored based on its content.  Moreover, because an insufficient factual record has been developed as it relates to this claim, the Court agrees with Judge Bryant that Defendant's Motion for Summary Judgment be denied as to this claim.


III.  Conclusion

For the reasons stated herein, as well as those contained in the Report and Recommendation (ECF No. 76), the Court overrules Defendants objections and adopts the Report and Recommendation in its entirety.  (ECF No. 76).  Accordingly, Plaintiffs' Motion for Summary Judgment (ECF No. 37) is hereby DENIED.  Defendants' Motion for Summary Judgment (ECF No. 48) is hereby GRANTED in part and DENIED in part.


**IT IS SO ORDERED**, this 30th day of September, 2014.


/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

5